UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 21-56-DLB-CJS

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

DAVID W. SUETHOLZ, MD                                                                         DEFENDANT

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

## I. INTRODUCTION

This matter is before the Court on Defendant David Suetholz's Motion *in Limine* to Preclude Evidence Relating to Kentucky Board of Medical Licensure's Past Administrative Actions (Doc. # 34), which has been fully briefed (Docs. # 40 and 50). The Court heard oral argument on the motion on August 29, 2022. Dermott Lynch and Maryam Adeyola appeared on behalf of the United States and Kent Wicker, Kayla Campbell, and William Brammell appeared on behalf of Defendant David Suetholz. The proceedings were recorded by official court reporter Lisa Wiesman. For the reasons set forth herein, Defendant's motion is **granted in part and denied in part**.

## II. ANALYSIS

Defendant's memorandum in support of his motion asks the Court to exclude any evidence or argument related to past administrative actions taken against him by the Kentucky Board of Medical Licensure ("KBML"). (Doc. # 34-1 at 1). Specifically, Suetholz seeks to exclude evidence related to two prior actions involving the KBML: (1) in 2002 he was brought before the KBML for prescribing methadone for addiction maintenance,

1

which led to his agreement to restrict prescribing methadone unless instructed by a pain management specialist; (2) in 2012 the KBML received a complaint about Suetholz's prescribing controlled substances. (*Id.* at 2).

Suetholz argues that these prior administrative actions are irrelevant and unfairly prejudicial because (1) the actions involved different parties, claims, and time frames than the acts alleged in the Superseding Indictment; (2) evidence of prior administrative proceedings is unfairly prejudicial in a criminal prosecution; and (3) the KBML proceedings occurred too long ago to have substantial probative value. (*Id.* at 3-10). The United States disagrees and the parties dispute whether Federal Rule of Evidence 404(b) renders evidence related to these prior actions inadmissible.

Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[1] However, an exception to Rule 404(b) evidence exists for "intrinsic" evidence, also referred to as "background" or "*res gestae*" evidence. *United States v. Wilson*, 837 F. App'x 396, 399 (6th Cir. 2020) (citing *United States v. Sumlin*, 956 F.3d 879, 889-90 (6th Cir. 2020); *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015)). Such evidence is considered "inextricably intertwined" with the evidence of the charged conduct, making the evidence part of "a single criminal episode," *id.* (quoting *Sumlin*, 956 F.3d at 889), or "part of a continuing pattern of illegal activity," *id.* (quoting *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995)). By

---

[1] Additionally, Rule 404(b)(3) requires the prosecutor provide reasonable notice, in writing and before the trial, to the defendant of any evidence related to other crimes, acts, or wrongs that the prosecutor intends to introduce. At the pretrial conference, the Court excused the United States from filing a notice as Defendant had already filed his Motion *in Limine* (Doc. # 34) to exclude the at-issue evidence.

contrast, evidence is considered "extrinsic" and subject to exclusion under Rule 404(b) when the conduct "occurred at different times and under different circumstances from the offense charged," *Barnes*, 49 F.3d at 1149, such that there is a lack of "temporal proximity, causal relationship, or spatial connections . . . between the other acts and the charged offense," *United States v. Chalmers*, 554 F. App'x 440, 451 (6th Cir. 2014) (quoting *United States v. Hardy*, 228 F.3d 745, 748-50 (6th Cir. 2000)).

Additionally, Rule 404(b)(2) allows evidence of other crimes or wrongs to be admissible under Rule 404(b) for certain purposes, including demonstrating intent or knowledge. "Such evidence is admissible under Rule 404(b) if (1) there is sufficient evidence that the other act in question actually occurred, (2) the evidence of the other act is probative of a material issue other than character, and (3) the probative value of the evidence is [not] substantially outweighed by its potential prejudicial effect." *United States v. Bartholomew*, 310 F.3d 912, 922 (6th Cir. 2002) (alteration in original) (internal quotations and citations omitted).[2]

### A.    2002 KBML Action

The Court finds that evidence related to the 2002 action taken by the KBML is inadmissible under Rule 404 for several reasons. First, the focus of the KBML's investigation was Suetholz's prescribing practices related *specifically* to methadone without permission from the Drug Enforcement Administration whereas the Superseding Indictment focuses on Suetholz prescribing oxycodone, fentanyl, diazepam, clonazepam, zolpidem, tramadol, and alprazolam. (Docs. # 21 at 3 and 34-3 at 1-2). Second, none of the patients listed in the Superseding Indictment were connected to the 2002 action.

---

[2] The parties do not dispute whether the 2002 and 2012 KBML actions and Suetholz's underlying acts "actually occurred" so the Court will not address this step of the analysis.

3

Third, the 2002 action took place almost two decades before the prescriptions listed in the Superseding Indictment were filled. (Doc. # 21 at 3). For all intents and purposes, the 2002 action is not intrinsic evidence because it "occurred at different times and under different circumstances from the offense charged," *Barnes*, 49 F.3d at 1149, such that there is a lack of "temporal proximity, causal relationship, or spatial connections . . . between the other acts and the charged offense," *Chalmers*, 554 F. App'x at 451 (internal quotations omitted).

While the United States argues that evidence related to the 2002 action is admissible under Rule 404(b)(2) because it indicates Suetholz's intent and knowledge of his continuous violation of the rules on safe prescribing practices (Doc. # 40 at 13), the facts surrounding the action are too far removed. For the reasons discussed above, evidence related to the 2002 action has low probative value in proving the allegations in the Superseding Indictment. Overall, the potential prejudicial effect is substantially high because it tends to indicate Suetholz prescribed without permission in the past and did so again under the circumstances alleged in the Superseding Indictment. Therefore, evidence related to the 2002 KBML action is inadmissible pursuant to Rule 404(b).

**B.    2012 KBML Action**

However, the evidence related to the 2012 KBML action is a different story. In this action, the KBML had a consultant review sixteen patient charts after receiving information that Suetholz's prescribing practices indicated he may have been overprescribing and inappropriately prescribing. (Doc. # 34-4 at 1). The consultant found that Suetholz "departed from or failed to meet acceptable and prevailing medical practices" for the following reasons: patients received early refills of controlled substances

4

and utilized multiple pharmacies, Suetholz failed to address instances where his office was notified by outside sources of patients possibly selling or stealing pills, and dosages of controlled substances were increased without adequate documentation to support medical necessity. (*Id.* at 2).

Suetholz argues the 2012 action is not intrinsic to the acts alleged in the Superseding Indictment (Doc. # 50 at 2) while the United States contends that the action is intrinsic to the acts alleged in the Superseding Indictment because it deals with the same events as the charged offense (Doc. # 40 at 9-11). In the alternative, the United States claims that the 2012 action and Suetholz's response to it indicate that he did not take the KBML's sanctions seriously, which is probative of his intent and knowledge as to the acts alleged in the Superseding Indictment. (Doc. # 40 at 5-7, 9-12).

The Court finds that the 2012 action is more relevant and similar to the acts alleged in the Superseding Indictment for several reasons. Unlike the 2002 action, two of the substances that Suetholz was prescribing in 2012, oxycodone and clonazepam, are also listed multiple times in the Superseding Indictment. (Docs. # 21 at 3, 34-4 at 2, and 45 at 2-5). Moreover, patient W.Y. was one of the sixteen patient files reviewed in 2012, was named in the Superseding Indictment, and both the KBML investigation and the Superseding Indictment relate to his oxycodone and clonazepam prescriptions. (Docs. # 21 at 3 and 45 at 2-5).[3]

---

[3] While the consultant found that he could not form an opinion as to Suetholz's treatment of patient W.Y., he was still one of the sixteen patient files flagged for review. Additionally, while the consultant listed "Klonopin" as one of W.Y.'s prescriptions, that is simply the brand name for clonazepam, which is the term used in the Superseding Indictment. (Docs. # 21 at 3 and 45 at 3).

5

A few months after the conclusion of the 2012 action, Suetholz began treating patient D.W., who is also named in the Superseding Indictment. (Docs. # 21 at 3 and 45 at 24). Despite Suetholz's acknowledgment of potential wrongdoing (Doc. # 34-4 at 4-5), he began prescribing D.W. opioids only a few months after the KBML's restriction on his license was lifted, even though he had previously noted D.W.'s struggle with drug addiction. (Doc. # 45 at 27, 30-31).

Similar to this case, in *United States v. Given*, No. 3:21-CR63-MCR, 2022 WL 2716880, at *1 (N.D. Fla. July 13, 2022), the defendant, a doctor charged with 33 counts of unlawful dispensation under 21 U.S.C. § 841(a)(1), among other subsections, filed a motion *in limine* to exclude several categories of evidence, including a complaint the Florida Department of Health filed against him based on his prescribing practices, which resulted in him entering into a settlement agreement in which he acknowledged his practices were unlawful. *Id.* He argued that under Rule 404(b) this evidence was improper character and bad acts evidence. *Id.* The United States argued that the evidence was "admissible as conduct explicitly charged in the Superseding Indictment or otherwise inextricably intertwined with the conduct charged or is alternatively admissible, pursuant to Rule 404(b)(2), to prove knowledge, intent, and/or lack of mistake." *Id.*

The court agreed with the United States that the evidence was intrinsic to the charged offenses. *Id.* at *2. The court specifically held that:

> The evidence [the defendant] seeks to exclude—*evidence pertaining to his former prescribing practices and the administrative action against him based on those practices*—is inextricably intertwined with evidence regarding the offenses charged in the Superseding Indictment. Indeed, the evidence shows the manner in which [the defendant's] improper prescribing *practices evolved into the conduct for which he was indicted, including changes that occurred after the Department of Health filed the administrative action against him*, resulting in [the defendant] acknowledging the illegality of the conduct of

6

> which he was accused and agreeing to obtain continuing medical education on risk management, which continued to include issuing unauthorized prescriptions.

*Id.* (emphasis added).

Here, evidence related to the 2012 action shows and gives background of how Suetholz's prescribing practices began and evolved in dealing with patients W.Y. and D.W., even after the administrative action took place. Similarly, in *United States v. Kraynak*, 553 F. Supp. 3d 245, 252 (M.D. Pa. 2021), the court found that evidence related to two prior administrative actions taken against a doctor was intrinsic evidence of his unauthorized prescribing because it indicated his knowledge as to the medical standards applicable to prescription practices as well as patient records. In this case, evidence related to the 2012 action serves the same purpose, it demonstrates that Suetholz was aware that his prescribing practices were at least questionable prior to the offenses charged in the Superseding Indictment.

Lastly, in *United States v. Bothra*, No. 2:18-CR-20800, 2022 WL 1570926, at *1-3 (E.D. Mich. May 18, 2022), the court allowed introduction of evidence related to a 2014 Michigan licensing complaint filed against a co-defendant who had already pled guilty. In 2014, the co-defendant pled no contest to two counts of the licensing complaint for conduct that occurred between 2010 and 2011. *Id.* at *1. The remaining defendants argued that evidence related to the 2010-2011 administrative action was irrelevant and unfairly prejudicial because the alleged conspiracy to violate 21 U.S.C. § 841(a)(1), among other federal laws, only lasted from 2013 to late 2018. *Id.* The United States argued that the evidence was intrinsic to the crimes charged because of the co-defendant's response to the resolution of the complaint. *Id.* The court held that the

evidence was admissible because the co-defendant's response to the administrative action could help prove the existence of a conspiracy to illegally dispense prescriptions. *Id.* at *2. As a result, the court held that evidence related to the underlying complaint and its resolution was also relevant intrinsic evidence because it helped complete the story of why the co-defendant's response was evidence of an ongoing conspiracy. *Id.* Therefore, the evidence did not implicate Rule 404(b) because it was intrinsic and therefore admissible. *Id.* at 3. Here, Suetholz's response to the 2012 action is highly probative of his alleged decisions to prescribe in an unauthorized manner because it helps complete the story of Suetholz's actions over time, especially in relation to the patients named in the Superseding Indictment.

This all supports the Court's conclusion that evidence related to the 2012 action is intrinsic evidence because it indicates a possible continuing pattern of illegal activity— namely that Suetholz continued to prescribe opioids to W.Y. and how his conduct evolved in response to the KBML action in his decision to prescribe to D.W., both of whom are named in the Superseding Indictment. (Doc. # 21 at 3); *Wilson*, 837 F. App'x at 399; *Given*, 2022 WL 2716880, at *2; *Kraynak*, 553 F. Supp. 3d at 252; *Bothra*, 2022 WL 1570926, at *2.

In the alternative, evidence related to the 2012 action is admissible under Rule 404(b)(2) because it indicates Suetholz's intent and knowledge as to his alleged unauthorized prescribing practices, especially given the Supreme Court's recent explanation of the *mens rea* the United States must prove in prosecutions under 21 U.S.C. § 841 in *Ruan v. United States*, 142 S. Ct. 2370 (2022). As this Court discussed in its previous Order (Doc. # 49), *Ruan* has made clear that "once a defendant meets the

8

burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant *knowingly or intentionally* acted in an unauthorized manner." 142 S. Ct. at 2376 (emphasis added). The court in *Given* even reinforced that *Ruan* "confirmed" the relevance of the evidence of prior administrative actions because the United States is required to prove the defendant *knowingly* acted in an unauthorized manner. 2022 WL 2716880, at *2. This Court agrees.

More specifically, the court in *Given* noted that while the evidence "involve[d] conduct that [was] not identical to that charged in the Superseding Indictment, it show[ed] [the defendant's] prior knowledge regarding his improper prescribing practices and thus arguably his intent and lack of mistake . . . ." *Id.* at 3. Likewise, the court in *Kraynak* pointed out that evidence related to past administrative actions demonstrated that the defendant had *specific knowledge* of relevant medical standards as well as his knowing failure to comply with them. 553 F. Supp. 3d at 252. Here, Suetholz entered into an agreed order with the KBML following the 2012 action that would serve the same purpose at trial: it would indicate that he had notice of relevant medical standards as well as demonstrate his intent or lack of mistake in his subsequent prescribing practices. As discussed above, the KBML consultant found—and Suetholz agreed by entering into the agreed order—that Suetholz had departed from prevailing medical practices in his prescribing, which bolsters the argument that he was on notice. (Doc. # 34-4 at 2-4). Logically, this evidence is probative of a material issue other than Suetholz's character, *e.g.*, his knowledge, intent, or lack of mistake. *Bartholomew*, 310 F.3d at 922 (6th Cir. 2002). And its probative value of whether Suetholz prescribed in an unauthorized manner, as discussed in the Superseding Indictment, is not substantially outweighed by

9

the danger of unfair prejudice. *Id.* Indeed, evidence related to the 2012 action is related to Suetholz's later actions because of the previously discussed similarities between it and the Superseding Indictment. Consequently, the evidence related to the 2012 action is alternatively admissible under Rule 404(b)(2).

III.   **CONCLUSION**

Accordingly, for the reasons stated herein, **IT IS ORDERED**:

(1)   Defendant's Motion *in Limine* to Preclude Evidence Relating to Kentucky Board of Medical Licensure's Past Administrative Actions (Doc. # 34) is **GRANTED in part and DENIED in part** as follows:

(a)   Defendant's motion is **GRANTED** with respect to evidence related to the KBML's 2002 action; and

(b)   Defendant's motion is **DENIED** with respect to evidence related to the KBML's 2012 action.

This 30th day of August, 2022.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2021\21-56 Order re MIL Past Admin Actions.docx